Michael L. Greenwald (*pro hac vice* pending)
Greenwald Davidson PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
Tel: 561-826-5477
Fax: 561-961-5684
mgreenwald@mgjdlaw.com

Attorneys for Plaintiff and the proposed Classes

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JOANNA F. MAVRIS, On Behalf of Herself and Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> RSI ENTERPRISES, INC., an Arizona Corporation, <br><br> Defendant. <br> _____ | ) Case No. <br> ) <br> ) <br> ) <br> ) <br> ) **CLASS ACTION COMPLAINT AND** <br> ) **TRIAL BY JURY DEMAND** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

1

## NATURE OF ACTION

1. This is a class action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## PARTIES

2. Plaintiff Joanna F. Mavris ("Plaintiff") is a natural person who, at all relevant times, resided in the State of Arizona, County of Maricopa. As a natural person, Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

3. Plaintiff is obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant RSI Enterprises, Inc. ("Defendant").

4. Plaintiff's obligations, or alleged obligations, owed or due, or asserted to be owed or due, a creditor other than Defendant, arise from transactions in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, personal medical and health care services.

5. Defendant is an Arizona corporation with principal offices located at 5440 W Northern Avenue, Glendale, Arizona 85301. Defendant can be served through its registered agent, Andrew Abraham, Esq., Burch & Cracchiolo PA, 702 E Osborn Road, Suite 200, Phoenix, Arizona 85014.

6. Defendant describes its mission as follows: "While maintaining the highest level of integrity, RSI will be the recovery services provider of choice, delivering

superior quality and client service in our markets through successful partnerships with our people, suppliers and customers."

7. Defendant, at all relevant times, was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

8. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

10. This Court has jurisdiction under 15 U.S.C. §1692, *et seq*. and 28 U.S.C. §1331.

11. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this State and this District, where Plaintiff resides in this State and this District, and where Defendant resides in and transacts business in this State and this District.

## FACTUAL ALLEGATIONS

12. In connection with the collection of an alleged debt with an account ending in 0403 ("Account 0403"), Defendant sent Plaintiff a written communication dated July 18, 2013, that stated, in relevant part:

3

>If payment in full is not received or contact established with Scottsdale Healthcare within 30 days you may be sent to a third-party collections company.

A true and correct copy of the July 18, 2013 communication to Plaintiff is attached hereto as Exhibit A.

14. 13. The July 18, 2013 communication was the initial communication Plaintiff received from Defendant.

14. In bold letters, the July 18, 2013 communication stated:

> **This communication is from a debt collector.**
>
> **This is an attempt to collect a debt.  Any information obtained will be used for that purpose.**

Ex. A.  (emphasis in original).

15. Thus, Defendant threatened to send Plaintiff to a third-party debt collector if she did not respond within 30 days to Defendant's debt collection efforts, when Plaintiff's account had already been sent to a debt collector.

16. The July 18, 2013 communication also stated:

> Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of the debt, or any portion thereof, this office will assume this debt is valid.  If you notify this office, in writing, within thirty (30) days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  If you request this office, in writing, within (30) days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Ex. A.

17. The July 18, 2013 communication then stated, above the payment coupon and in capitalized, bold letters:

**SEND ALL PAYMENTS AND CORRESPONDENCE TO**

**Scottsdale Healthcare…**

Ex. A. (emphasis in original).

18. The payment coupon in the July 18, 2013 communication also stated, in capitalized, bold letters:

**SEND ALL PAYMENTS AND CORRESPONDENCE TO:**

Scottsdale Healthcare
PO Box 29689
Phoenix, AZ 85038

Ex. A. (emphasis in original).

19. Thus, while Defendant provided the disclosures required under 15 U.S.C. § 1692g(a) in its July 18, 2013 communication to Plaintiff, it directed that all correspondence, which necessarily includes disputes of the debt or verification requests, be sent to Scottsdale Healthcare and not to Defendant. As a result, Defendant's July 18, 2013 communication contradicted, overshadowed, and rendered ineffective the disclosures required by 15 U.S.C. § 1692g(a).

20. In connection with the collection of an alleged debt with an account ending in 0028 ("Account 0028"), Defendant sent Plaintiff a written communication dated August 15, 2013, that stated, in relevant part:

> If payment in full is not received or contact established with Scottsdale Healthcare within 30 days you may be sent to a third-party collections company.

5

A true and correct copy of the August 15, 2013 communication to Plaintiff is attached hereto as Exhibit B.

21. The August 15, 2013 communication was the initial communication Plaintiff received from Defendant regarding Account 0028.

22. In bold letters, the August 15, 2013 communication stated:

**This communication is from a debt collector.**

**This is an attempt to collect a debt.  Any information obtained will be used for that purpose.**

Ex. B.  (emphasis in original)

23. Thus, Defendant threatened to send Plaintiff to a third-party debt collector if she did not respond within 30 days to Defendant's debt collection efforts, when Plaintiff's account had already been sent to a debt collector.

24. The August 15, 2013 communication also stated:

Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of the debt, or any portion thereof, this office will assume this debt is valid.  If you notify this office, in writing, within thirty (30) days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  If you request this office, in writing, within (30) days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Ex. B.

25. The August 15, 2013 communication then stated, above the payment coupon and in capitalized, bold letters:

**SEND ALL PAYMENTS AND CORRESPONDENCE TO**

6

**Scottsdale Healthcare…**

Ex. B. (emphasis in original).

26. The payment coupon in the August 15, 2013 communication also stated, in capitalized, bold letters:

**SEND ALL PAYMENTS AND CORRESPONDENCE TO:**

Scottsdale Healthcare
PO Box 29689
Phoenix, AZ 85038

Ex. B. (emphasis in original).

27. Thus, while Defendant provided the disclosures required under 15 U.S.C. § 1692g(a) in its August 15, 2013 communication to Plaintiff, it directed that all correspondence, which necessarily includes disputes of the debt or verification requests, be sent to Scottsdale Healthcare and not to Defendant.  As a result, Defendant's August 15, 2013 communication contradicted, overshadowed, and rendered ineffective the disclosures required by 15 U.S.C. § 1692g(a).

28. Indeed, the least sophisticated consumer would read the July 18, 2013 and August 15, 2013 written communications from Defendant to require that disputes or verification requests be made not to Defendant, but to the original creditor.  However, should a consumer send a dispute or verification request to the original creditor and not to Defendant, such disputes or verification requests would be invalid with respect to Defendant.

29. Upon information and belief, Defendant sent initial debt collection letters materially identical to the letters referenced herein to numerous consumers throughout the state of Arizona.

## CLASS ACTION ALLEGATIONS

30. Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of two Classes consisting of:

### The Overshadowing Class

All persons located in the State of Arizona to whom, within one year before the date of this complaint, RSI Enterprises, Inc. sent an initial written communication, in connection with an attempt to collect any purported consumer debt, in which the written communication stated that all correspondence should be sent to an entity other than RSI Enterprises, Inc. and/or in which the written communication stated: "If payment in full is not received or contact established with [the original creditor] within 30 days you may be sent to a third-party collections company."

### The Debt Collector Class

All persons located in the State of Arizona to whom, within one year before the date of this complaint, RSI Enterprises, Inc. sent an initial written communication, in connection with an attempt to collect any purported consumer debt, that stated that the consumer's account "may be sent to a third-party collections company."

Excluded from the classes are Defendant, the officers, members, and directors of Defendant, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

31. The proposed classes are so numerous that joinder of all members is impracticable. The exact number of members of the classes is unknown to Plaintiff at

this time and can only be ascertained through appropriate discovery. The proposed classes are ascertainable in that, upon information and belief, the names and addresses of all members of the classes can be identified in business records maintained by Defendant.

32.     Plaintiff's claims are typical of the claims of the members of the proposed classes because Plaintiff and all class members' claims originate from the same conduct, practice and procedure on the part of Defendant and Plaintiff possesses the same interests and has suffered the same injuries as each class member. Like all members of the Overshadowing Class, Plaintiff received an initial debt collection communication from Defendant that advised Plaintiff that she had to send all correspondence to the original creditor, and not to Defendant. Like all members of the Debt Collector Class, Plaintiff received an initial debt collection communication from Defendant that stated that her account "may be sent to a third-party collections company."

33.     Plaintiff will fairly and adequately protect the interests of the members of the classes and has retained counsel experienced and competent in class action litigation. Plaintiff has no interests that are contrary to or in conflict with the members of the classes that Plaintiff seeks to represent.

34.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, as the damages suffered by individual members of the classes may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the classes to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

35. Issues of law and fact common to the members of the classes predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the entire class.  Among the issues of law and fact common to the class are:

    a. Defendant's violations of the FDCPA, as alleged herein;

    b. Whether Defendant's initial written communications in connection with the collection of a debt would confuse the least-sophisticated consumer;

    c. Whether Defendant's initial written communications overshadow and render ineffective the disclosures as required under 15 U.S.C. § 1692g;

    d. the existence of Defendant's identical conduct particular to the matters at issue;

    e. the availability of statutory penalties; and

    f. the availability of attorneys' fees and costs.

36. Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

**COUNT I: VIOLATION OF THE FDCPA AT 15 U.S.C. §1692g(b)**
**On Behalf of Plaintiff and the Overshadowing Class**

37. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1-36.

38. 15 U.S.C. §1692g provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the

consumer has paid the debt, send the consumer a written notice containing –

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

(c) The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

39. The manner in which Defendant conveyed the validation notice required by 15 U.S.C. §1692g was ineffective and overshadowed and contradicted the statutory notice.

40. Specifically, the July 18, 2013 and August 15, 2013 communications directed Plaintiff to send all correspondence not to Defendant, but to the original creditor.

However, all disputes and verification requests must be made to the debt collector, not to a third party, to be effective.

41. Separately, the July 18, 2013 and August 15, 2013 communications stated: "If payment in full is not received or contact established with Scottsdale Healthcare within 30 days you may be sent to a third-party collections company." By directing that payment in full be made *within* 30 days, Defendant overshadowed and rendered ineffective the disclosures required by 15 U.S.C. § 1692g, which allow a consumer to dispute or request verification within 30 days after *receipt* of the letter. Moreover, by following Defendant's directive to establish contact with Scottsdale Healthcare, instead of Defendant, within 30 days, a consumer could forego or waive her rights under 15 U.S.C. § 1692g.

42. The effect of the July 18, 2013 and August 15, 2013 communications was to cause the least-sophisticated consumer to waive, or not assert, the rights afforded under 15 U.S.C. § 1692g.

43. In addition, Defendant's July 18, 2013 and August 15, 2013 communications overshadowed and rendered ineffective the disclosures required by 15 U.S.C. § 1692g.

**COUNT II: VIOLATION OF THE FDCPA AT 15 U.S.C. §1692e(2)(A)**
**On Behalf of Plaintiff and the Debt Collector Class**

44. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1-36.

45. 15 U.S.C. §1692e(2)(A) provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> \* \* \*
>
> (2) The false representation of—
>
> (A) the character, amount, or legal status of any debt.

46. Defendant's July 18, 2013 and August 15, 2013 communications stated that, if Plaintiff did not make payment or establish communication within 30 days, her accounts "may be sent to a third-party collections company." However, Defendant is a debt collections company and Plaintiff's accounts were already placed with Defendant.

47. Thus, Defendant violated 15 U.S.C. §1692e(2)(A) by falsely representing the character, amount or legal status of any debt.

### COUNT III: VIOLATION OF THE FDCPA AT 15 U.S.C. §1692e(10)
### On Behalf of Plaintiff and the Debt Collector Class

48. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1-36.

49. 15 U.S.C. §1692e(10) provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> \* \* \*
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

50.  Defendant's July 18, 2013 and August 15, 2013 communications to Plaintiff were Defendant's initial communications to Plaintiff with regard to the respective accounts.

51.  Defendant's July 18, 2013 and August 15, 2013 communications urged Plaintiff to take action before her accounts were sent to a third-party debt collections company, even though her accounts were already placed with Defendant—a third-party collections company.

52.  As a result, Defendant's July 18, 2013 and August 15, 2013 were misleading and likely to create confusion regarding the status of Plaintiff's debts.

53.  Thus, Defendant used a false representation or deceptive means to collect or attempt to collect any debt in violation of 15 U.S.C. §1692e(10).

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action and designating Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure;

b) Adjudging and declaring that Defendant violated 15 U.S.C. §1692g, with respect to Plaintiff and the other members of the Overshadowing Class;

c) Adjudging and declaring that Defendant violated 15 U.S.C. §1692e(2)(A) and 15 U.S.C. §1692e(10) with respect to Plaintiff and the other members of the Debt Collector Class;

d) Awarding Plaintiff and members of the both classes statutory and actual damages pursuant to 15 U.S.C. §1692k;

e) Awarding Plaintiff and members of the classes their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to Rule 23 of the Federal Rules of Civil Procedure and 15 U.S.C. §1692k; and

f) Awarding other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 16th day of May, 2014.

By: *s/Michael L. Greenwald*
Michael L. Greenwald (motion for *pro hac vice* to follow)
GREENWALD DAVIDSON PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
Tel: 561.826.5477
Fax: 561.961.5684
mgreenwald@mgjdlaw.com

Attorneys for Plaintiff and the proposed classes