Michael L. Greenwald (*pro hac vice*)
Greenwald Davidson PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
Tel: 561.826.5477
mgreenwald@mgjdlaw.com

Attorneys for Plaintiff

John D. Curtis, SBA #019726
Andrew Abraham, SBA #007322
Burch & Cracchiolo, P.A.
702 E. Osborn Road, Suite 200
Phoenix, AZ  85014
Tel: 602.274.7611
jcurtis@bcattorneys.com
aabraham@bcattorneys.com

Attorneys for Defendant

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JOANNA F. MAVRIS, On Behalf of Herself and Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>RSI ENTERPRISES, INC., an Arizona Corporation,<br><br>Defendant.<br>_____ | ) Case No. CV-14-01058-PHX-NVW<br>)<br>)<br>)<br>) **JOINT PROPOSED DISCOVERY**<br>) **PLAN**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Joanna F. Mavris ("Plaintiff") and RSI Enterprises, Inc. ("Defendant"), pursuant to this Court's Order Setting Rule 16 Scheduling Conference, dated June 24, 2014, and Rule

1

26(f) of the Federal Rules of Civil Procedure, file their Joint Proposed Discovery Plan, and state as follows:

1. **The parties who attended the Rule 26(f) Meeting and assisted in developing the Plan:**

   Michael L. Greenwald, on behalf of Plaintiff.

   John D. Curtis, on behalf of the Defendant.

2. **A short statement of the nature of the case (3 pages or less), including a description of each claim and defense:**

   In connection with the collection of two consumer debts, Defendant sent initial debt collection letters to Plaintiff that Plaintiff alleges violate the Fair Debt Collection Practices Act ("FDCPA"). *See* Doc. 1. Specifically, Plaintiff alleges that Defendant's initial debt collection letters violate the FDCPA because they overshadow, undercut, and render ineffective the disclosures required by 15 U.S.C. § 1692g. To that end, Defendant's initial debt collection letters instruct Plaintiff to mail any correspondence to an entity other than Defendant. A consumer following Defendant's instruction in this regard would not properly dispute or request validation of the debt, and would waive valuable rights conferred by 15 U.S.C. § 1692g. Separately, Defendant's initial debt collection letters are misleading in that they informed Plaintiff that if she did not pay in full, her account would be transferred to a debt collector—implying that Plaintiff's debts had not already been placed with a third-party debt collector. Yet, Defendant is a debt collector and Plaintiff's debt had already been placed with Defendant.

Plaintiff brings claims under 15 U.S.C. §1692g, 15 U.S.C. §1692e(2)(A) and 15 U.S.C. §1692e(10), on behalf of herself and two classes of similarly situated Arizona consumers:

### The Overshadowing Class

All persons located in the State of Arizona to whom, within one year before the date of this complaint, RSI Enterprises, Inc. sent an initial written communication, in connection with an attempt to collect any purported consumer debt, in which the written communication stated that all correspondence should be sent to an entity other than RSI Enterprises, Inc. and/or in which the written communication stated: "If payment in full is not received or contact established with [the original creditor] within 30 days you may be sent to a third-party collections company."

### The Debt Collector Class

All persons located in the State of Arizona to whom, within one year before the date of this complaint, RSI Enterprises, Inc. sent an initial written communication, in connection with an attempt to collect any purported consumer debt, that stated that the consumer's account "may be sent to a third-party collections company."

### Defendant RSI's Defenses

The two letters sent to Plaintiff concerned overdue accounts that were not in default. Accordingly, RSI was not acting as a debt collector as defined in the FDCPA, which expressly exempts such activities from the FDCPA. *See* 15 U.S.C. 1692a(6)(F)(iii) (excluding from the definition of debt collector "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity … concerns a debt which was not in default at the time it was obtained by such person.").

3

Under Scottsdale Healthcare's (the creditor) procedures, Plaintiff's debts were not considered in default until 8/29/2013 and 9/26/2013, respectively. At those times, Plaintiff's two debts were assigned to a debt collector that was not RSI. The two letters attached to Plaintiff's complaint were both sent prior to 8/29/2013 and 9/26/2013. Both of Plaintiff's debts were subsequently written off by Scottsdale Healthcare's debt collector on 10/3/2013 and 1/14/2014, respectively.

In addition, RSI has a negative net worth. Therefore, the class members are entitled to no monetary relief. *Id.* at 1692k(a)(2)(B) (limiting recovery to $500,000 or 1% of the defendants net worth whichever is less).

Plaintiff's claims are also not amenable to the certification of a class. Whether or not the debt of each class member was in default at the time RSI was instructed by Scottsdale Healthcare to send letters will require individualized factual determinations. Thus, the superiority element necessary for class certification is absent. Plaintiff's claims are also not typical of the other class members as she went through an extended process with Scottsdale Healthcare in an effort to obtain debt financing and apply for ACCCHS. This activity resulted in Plaintiff's account being assigned to RSI, but then placed on hold when Plaintiff submitted a financial aid application to Scottsdale Healthcare. Plaintiff's account was reactivated when her financial aid application was denied. Such facts are not typical of all purported class members and affect the analysis of when Plaintiff's debt was in default.

Finally, RSI acted in under a good faith belief that the letters sent to Plaintiff were for debts that were not in default. See 15 U.S.C. 1692k(c) ("A debt collector may not be

held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.")

**3. The jurisdictional basis for the case, citing specific jurisdictional statutes:**

This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

**4. Any parties which have not been served and an explanation of why they have not been served; and any parties which have been served but have not answered or otherwise appeared:**

Plaintiff served Defendant with her class action complaint, and Defendant has filed an answer thereto.

**5. A statement of whether any party expects to add additional parties to the case or otherwise to amend pleadings:**

At this time, the parties do not expect to add additional parties to the case or otherwise amend pleadings.

**6. A listing of contemplated motions and a statement of the issues to be decided by these motions (including motions under Federal Rules of Evidence 702, 703, 704, and 705):**

Plaintiff intends to file a motion for class certification and appointment of class counsel, as well as a motion for summary judgment.

Defendant intends to file a motion for summary judgment that the debts that are the subject of the letters attached to Plaintiff's complaint were not in default. If the parties dispute RSI's net worth, it will include in its motion for summary judgment a

request for the Court to determine its net worth and the unavailability of monetary relief for the class if it is determined that RSI's net worth is a negative.

**7. Whether the case is suitable for reference to arbitration or a United States Magistrate Judge for trial:**

Plaintiff does not believe that this matter is suitable for arbitration. She does not oppose a reference to a United States Magistrate Judge.

Defendant does not believe this matter is suitable for reference to a United States Magistrate Judge.

**8. The status of related cases pending before other courts or other judges of this Court:**

The parties are not aware of any related cases.

**9. A statement of when the parties exchanged Federal Rule of Procedure 26(a) initial disclosures:**

The parties will exchange 26(a) disclosures by July 25, 2014, in accordance with the Court's Order Setting Rule 16 Scheduling Conference.

**10. A discussion of necessary discovery, including:**

**a. The extent, nature, and location of discovery anticipated by the parties:**

On July 1, 2014, Plaintiff served initial interrogatories and requests for production. Plaintiff intends to depose Defendant's Rule 30(b)(6) representative after receiving answers and responses to her initial discovery requests. Plaintiff then intends to conduct additional discovery, as necessary. Relevant information to Plaintiff's case includes the number and identities of the persons in the proposed classes, Defendant's policies and procedures as they relate to the FDCPA, and Defendant's net worth.

Defendant will seek documents and testimony from Plaintiff with respect to the facts of her indebtedness to Scottsdale Healthcare, including any communication from Scottsdale Healthcare. Defendant will also seek documents and testimony from Scottsdale Healthcare respecting Plaintiff's indebtedness, its policy and procedures respecting collection of unpaid bills, and how it determines when a unpaid bill is in default. Defendant has already provided Plaintiff's counsel with RSI's 2012 audited financial statement and a flow chart from Scottsdale Healthcare outlining how it attempts to collect unpaid bills and at what stage in this process RSI is brought into the process.

   **b. Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure:**

   None.

   **c. The number of hours permitted for each deposition, unless extended by agreement of the parties:**

   Six hours.

11. **Proposed specific dates for each of the following (deadlines should fall on a Friday unless impracticable):**

   **a. A deadline for the completion of fact discovery and disclosure pursuant to Rule 26(a)(3):**

   January 23, 2015

   **b. Dates for complete disclosures of expert testimony under Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure:**

   December 19, 2014.

   **c. A deadline for completion of all expert depositions:**

   January 23, 2015.

    d. **A deadline for filing dispositive motions:**

    February 27, 2015.

    e. **A date by which the parties shall have engaged in good faith settlement talks:**

    September 26, 2014.

12. **Whether a jury trial has been requested and whether the request for a jury trial is contested (if the request is contested, set forth the reasons):**

Plaintiff has requested a trial by jury.

13. **The estimated length of trial and any suggestions for shortening the trial:**

3-4 days if a class is certified, 1-2 days if a class is not certified.

14. **The prospects for settlement, including any request of the Court for assistance in settlement efforts:**

The parties preliminarily discussed settlement and those discussions are ongoing.

15. **Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner as required by Federal Rule of Civil Procedure 1.**

None at this time.

16. **Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced:**

None at this time.

17. **Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order:**

None at this time.

18. **Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

None at this time.

DATED: July 2, 2014                    Respectfully Submitted,

/s/ Michael L. Greenwald
Michael L. Greenwald (*pro hac vice*)
GREENWALD DAVIDSON PLLC
5550 Glades Road, Suite 500
Boca Raton, FL  33431
Tel: (561) 826-5477
Fax: (866) 961-5684
mgreenwald@mgjdlaw.com

/s/ John D. Curtis
John D. Curtis, SBA #019726
Andrew Abraham, SBA #007322
BURCH & CRACCHIOLO, P.A.
702 E. Osborn Road, Suite 200
Phoenix, AZ  85014
Tel:  (602) 274-7611
jcurtis@bcattorneys.com
aabraham@bcattorneys.com

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was filed electronically via the Court's CM/ECF system on July 2, 2014, which will provide notice to Defendant's counsel of record:

John D. Curtis, Esq.
Andrew Abraham, Esq.
Burch & Cracchiolo, P.A.
702 E. Osborn Road, Suite 200
Phoenix, AZ  85014
jcurtis@bcattorneys.com
aabraham@bcattorneys.com

/s/Michael L. Greenwald
Michael L. Greenwald