Michael L. Greenwald (*pro hac vice*)
Greenwald Davidson PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
Tel: 561-826-5477
Fax: 561-961-5684
mgreenwald@mgjdlaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JOANNA F. MAVRIS, On Behalf of Herself and Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> RSI ENTERPRISES, INC., an Arizona Corporation, <br><br> Defendant. <br> _____ | ) Case No. CV-14-01058-PHX-NVW <br> ) <br> ) <br> ) <br> ) <br> ) **Motion to Declare Ineffective Defendant's** <br> ) **Offer of Judgment Dated September 30,** <br> ) **2014** <br> ) <br> ) <br> ) <br> ) <br> ) |

Joanna F. Mavris ("Plaintiff"), on behalf of herself and others similarly situated, respectfully requests that this Court declare ineffective the offer of judgment that RSI Enterprises, Inc. ("Defendant") served on September 30, 2014 (the "Offer").

**Certificate of Conference**

Undersigned counsel has conferred with counsel for Defendant regarding the relief requested herein. To facilitate those discussions, Defendant extended the deadline, by seven days, for Plaintiff to respond to the Offer. However, the parties were unable to reach an agreement with respect to the propriety of the Offer. This motion follows.

**Introduction**

Prior to the inception of class certification discovery, Defendant offered Plaintiff $2,000.01—*twice* her total potential individual recovery under the Fair Debt Collection Practices Act ("FDCPA")[1]—to abandon the absent putative class members whose rights Defendant also violated, and who would receive no relief if Plaintiff accepts the Offer.[2] This procedural ploy, whereby Plaintiff would receive a windfall while members of the proposed class receive nothing, is designed to shirk the requirements of Fed. R. Civ. P. 23 by forcing Plaintiff into a conflict with absent class members. To be sure, Plaintiff filed her Class Action Complaint (the "Complaint") for violations of the FDCPA, not just on her own behalf, but also on behalf of a class of similarly situated consumers. *See* Doc. 1.

In short, Defendant's Offer impermissibly seeks to have Plaintiff abandon those absent class members for her own pecuniary benefit—while threatening to hold Plaintiff responsible for Defendant's costs in the event she rejects the Offer—before the parties even begin class certification discovery. Plaintiff should not be forced into such a conflict at the expense of the proposed class. As this Court held in declaring ineffective an offer of judgment to a proposed class representative in an FDCPA case:

> Because the offer of judgment runs to the putative class representative only, it will be declared ineffective as a predicate for

---

[1] The maximum statutory damage for an individual claim under the FDCPA is $1,000.00. *See* 15 U.S.C. § 1692k(a)(2)(A).

[2] The Offer also provides for payment of attorney's fees and costs to be negotiated by the parties or, if the parties cannot reach an agreement, to be decided by the Court. Out of an abundance of caution, Plaintiff has not attached the Offer to this motion. Should the Court wish to review the Offer, Plaintiff can make a supplemental filing.

>sanctions. If the Court certifies the class, the Defendant may make an offer of judgment. Any such offer must run to the class rather than to the class representative individually.
>
>IT IS THEREFORE ORDERED granting Plaintiff's Motion (Doc. 15).
>
>IT IS FURTHER ORDERED that Defendant's January 14, 2014 offer of judgment is ineffective.

*Dees v. Collections U.S.A., Inc.*, No. CV-13-02525-PHX-NVW, Doc. 20 (D. Ariz. Feb. 28, 2014) (Wake, J.).

Plaintiff respectfully submits that this Court should do the same here, and declare the Offer ineffective.

**Argument**

**A. Fed. R. Civ. P. 68 should not be used to undermine the class action device.**

Rule 23 of the Federal Rules of Civil Procedure establishes the procedural requirements for certifying a case as a class action. As explained in *Stewart v. Cheek & Zeehandelar, LLP*, 252 F.R.D. 384, 385 (S.D. Ohio. 2008):

>The purpose of the class-action device is to aggregate into a single proceeding multiple claimants (typically hundreds, thousands, or more) who have suffered similar harms as a result of a defendant's wrongdoing. This pooling of claims promotes efficiency by resolving in one action issues which would otherwise be litigated in multiple individual cases. In addition, class actions make it possible to obtain relief for relatively minor legal injuries.

252 F.R.D. at 385.[3]

---

[3] Internal citations and quotations are omitted, and emphasis is added, unless otherwise noted.

3

Rule 68 of the Federal Rules of Civil Procedure provides that "[a]t least 14 days before the date set for trial, a defendant may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued." Fed. R. Civ. P. 68(a). If the plaintiff does not accept the offer, and the relief that the plaintiff finally obtains is less favorable than the unaccepted offer, the plaintiff must pay the costs incurred after the offer was made. Fed. R. Civ. P. 68(d). Rule 68, however, is not "an escape hatch from every lawsuit." *Nash v. CVS Caremark Corp.*, 683 F. Supp. 2d 195, 196 (D.R.I. 2010). And "nothing in Rule 68 itself suggests that it should be used as a vehicle for sabotaging claim-aggregating devices like [] Rule 23." *Id.*

Rule 68's application becomes strained when a defendant makes an offer of judgment to a Rule 23 class representative in her individual capacity. *Weiss v. Regal Collections*, 385 F.3d 337, 344 (3d Cir. 2004). When a Rule 68 offer is made before a class is certified, the class representative is compelled to weigh her own interest in avoiding personal liability for costs under Rule 68 against the potential recovery of the class. As the court in *Lamberson v. Fin. Crimes Servs., LLC*, 2011 WL 1990450, at *3-*4 (D. Minn. April 13, 2011), explained:

> The other issue is whether a precertification offer of judgment creates an impermissible conflict of interest between the putative class representative and the putative class. As discussed at the outset, if the putative class representative faces cost liability but the putative class does not, this creates an incentive for the representative to act against the interests of the class. Because of this conflict, some courts have invalidated precertification offers of judgment.
>
> \* \* \*

> This Court concludes that, to prevent an improper conflict of interest between a putative class representative and the putative class, a precertification offer of judgment must be deemed ineffective.

*See also Zeigenfuse v. Apex Asset Mgmt., L.L.C.*, 239 F.R.D. 400, 402 (E.D. Pa. 2006) (striking offer of judgment). This is especially concerning because it is the time before the certification of the class when the work of the class representative is often the most important, time-consuming, and risky, as it is during this time that the representative seeks to convince the court that the claim is worthy of class certification—an expensive proposition without a guarantee of success. *See Boles v. Moss Codilis, LLP*, 2011 WL 4345289, at *2 (W.D. Tex. Sept. 15, 2011) (striking offer of judgment to proposed class representative). "As a result, the Rule 68 offer places improper pressure on the named plaintiff to drop the class action. This result, however, is not the one intended by Rule 68." *Id.* at *2-*3.

Given this conflict, courts often strike or otherwise declare ineffective offers of judgment made on an individual basis to proposed class representatives in Rule 23 class actions, as this Court did in *Dees*. As Judge Marbley explained in *Stewart*:

> Finally, Rule 68 offers of judgment prior to class certification pit the self interests of named plaintiffs against the interests of the class as a whole. This is the case because Rule 68 contains a cost-shifting provision, whereby if the plaintiff's ultimate recovery is less than what the defendant offered, the plaintiff must pay the costs the defendant incurred after the plaintiff rejected its Rule 68 tender. Courts have reasoned that putative class representatives cannot be forced to accept Rule 68 offers because contrary to their duty to litigate the case in the best interests of the class, the putative representatives would be compelled "to weigh [their] own interest in avoiding personal liability for costs under Rule 68 against the potential recovery of the class." *Zeigenfuse,* 239 F.R.D. at 402.

*Stewart*, 252 F.R.D. at 387 (granting motion to strike Rule 68 offer of judgment to Rule 23 proposed class representative); s*ee also Prater v. Medicredit, Inc.*, No. 14–cv159, --- F.R.D. ----, 2014 WL 3973863, at *3 (E.D. Mo. Aug. 14, 2014) ("The cases discussed here recognize the rule that precertification offers should be stricken or invalidated where such offers create an early conflict of interest between the putative class representative and potential class members. This is so because such offers create an incentive for the representative to act against the interest of the class."); *Smith v. NCO Fin. Sys., Inc.*, 257 F.R.D. 429, 434-35 (E.D. Pa. 2009) (striking Rule 68 offer of judgment to proposed class representative); *Boles*, 2011 WL 4345289, at *3 (same); *Johnson v. U.S. Bank Nat'l Ass'n*, 276 F.R.D. 330, 336 (D. Minn. 2011) (same); *Hornicek v. Hornicek v. Cardworks Servicing, LLC*, 10-CV-3631, 2011 WL 1419607, at *1 (E.D. Pa. Mar. 18, 2011) ("The offer of judgment must be stricken now, rather than later, in order to avoid placing Mr. Hornicek's own personal interests at odds with the members of the class."); *Jenkins v. Gen. Collection Co.*, 246 F.R.D. 600, 602-03 (D. Neb. 2007) ("As long as relief on behalf of the class has not been addressed, Judge Gossett's determination that the offer of judgment must now be stricken to prevent it from undermining the use of the class action device, is appropriate."); *Strausser v. ACB Receivables Mgmt., Inc.*, No. CIV.A.06 5109, 2007 WL 512789, at *2 (E.D. Pa. Feb. 12, 2007) ("I agree with this reasoning and will grant plaintiffs' motion to strike."); *Janikowski v. Lynch Ford, Inc.*, No. 98 C 8111, 1999 WL 608714, *2 (N.D. Ill. Aug. 5, 1999) ("Accordingly, Janikowski's motion to strike Lynch Ford's April 29, 1999 offer of judgment is granted."), *aff'd*, 210 F.3d 765 (7th Cir. 2000).

Similarly, as Judge Adelman held in invalidating a similar type of offer to a proposed class plaintiff:

> With regard to Plaintiff's Motion to Strike Offer of Judgment, the Court finds that the motion shall be granted. In a class-action complaint, the named plaintiff, as the putative class representative, has a special role of assuming responsibility for the entire class of persons. Where a defendant presents a Rule 68 offer of judgment to the named plaintiff only, the plaintiff faces a conflict between accepting the amount offered to satisfy his individual claim or continuing to represent the putative class to obtain relief for the entire class. Therefore, to prevent an improper conflict of interest between a putative class representative and the putative class, a precertification offer of judgment must be deemed ineffective. As a result, the Court will strike Defendant's offer of judgment.

*March v. Medicredit, Inc.*, No. 4:13CV1210 TIA, 2013 WL 6265070, at *4 (E.D. Mo. Dec. 4, 2013).

Some courts, however, have taken the contrary view. *See, e.g., Jacobson v. Persolve, LLC d/b/a Account Resolution Assoc.*, No. 14-CV-00735-LHK, 2014 WL 4090809 (N.D. Cal. Aug. 19, 2014) (declining to strike unaccepted offer of judgment under Rule 12(f) where offer was not a filed pleading). But those cases largely turn on the professed procedural impropriety of moving to strike a document that is not a pleading and which is not filed with the court. *Jacobson*, 2014 WL 4090809, at *4 ("The Court agrees with Persolve that Plaintiff's Motion to Strike Persolve's Offer of Judgment is procedurally improper. Persolve's Offer of Judgment was not filed with the Court. Indeed, the Court became aware of the existence of the Offer of Judgment only after Plaintiff moved to strike it. In the absence of a filing, there is nothing for the Court to strike.")

In contrast here, Plaintiff does not ask the Court to strike the Offer under Rule 12(f), but to deem it ineffective prior to a ruling on class certification, as this Court did in *Dees*, *see Dees*, No. CV-13-02525-PHX-NVW, Doc. 20 at 1, and as Circuit Judge Kelly, sitting by designation, did in *Jones v. I.Q. Data Int'l, Inc., et al.*, 1:14-cv-00130-PJK-RHS, Doc. 34 at 3 (D.N.M. June 23, 2014).

Noteworthy, in *Jones*, Judge Kelly declined to strike the defendant's offer of judgment, but held it ineffective until the court ruled on the plaintiff's to-be-filed motion for class certification: "Thus, assuming the named plaintiff files a timely motion for class certification after a Rule 68 offer of judgment, the certification motion will relate back to the date of the initial complaint. Accordingly, within fourteen days of a decision on a reasonably prompt motion for class certification, the Plaintiff may accept or reject Defendant I.Q. Data's offer." This Court should do the same with respect to Defendant's Offer here.

> **B. The Offer places impermissible pressure on Plaintiff to accept an individual judgment instead of pursuing class claims, especially here where Plaintiff would receive more than she could otherwise obtain in an individual lawsuit, at the expense of the class.**

Here, the very nature of the Offer impermissibly forces Plaintiff into a conflict of Defendant's own making. If Plaintiff accepts the Offer, which provides her with twice the statutory damages she could recover on an individual basis, she will obtain a personal windfall, but no relief for the members of the putative class. Only if she chooses to reject the Offer, against her individual interests, will she have the opportunity to prosecute the claims of members of the proposed class. However, if she rejects the Offer, then the

cost-shifting provision of Rule 68 may apply, potentially requiring Plaintiff to pay the costs incurred by Defendant after the date of the Offer. Such a ploy by Defendant to pit Plaintiff against the proposed class she seeks to represent is inappropriate. *See Hornicek*, 2011 WL 1419607, at *1 ("The offer of judgment must be stricken now, rather than later, in order to avoid placing Mr. Hornicek's own personal interests at odds with the members of the class.");[4] *Hrivnak v. NCO Portfolio Mgmt., Inc.*, 723 F. Supp. 2d 1020, 1030-31 (N.D. Ohio 2010) (adopting "Judge Algenon L. Marbley's thorough reasoning in *Stewart*" and holding that offer of judgment on individual claims in proposed class action is "without effect at this time.").

### C. Plaintiff's motion for class certification has not been unduly delayed, and class certification discovery is stayed.

Plaintiff filed her Complaint on May 16, 2014. Doc. 1. Thereafter, and by agreement of the parties, this Court entered a Scheduling Order that bifurcated merits and class certification discovery, setting a deadline for the parties to complete merits discovery on Plaintiff's individual claims by October 17, 2014. Doc. 28 at 2. Dispositive motions are due on or before November 14, 2014. *Id*. at 4. After the Court resolves any summary judgment motions, a new scheduling order will be entered regarding class certification discovery and briefing. Because of the bifurcated nature of the schedule in this case, therefore, Plaintiff's motion for class certification is not unduly delayed.

---

[4] Defendant is free to make use of Rule 68 once this Court addresses Plaintiff's motion for class certification, as this Court noted in *Dees*. *See also Sampaio v. People First Recoveries, LLC*, No. 07–22436–Civ., 2008 WL 509255, at *1 (S.D. Fla. Feb.19, 2008) ("… [i]f class certification is ultimately denied, [D]efendant ... will then be free to make an offer of judgment containing the cost shifting provision of Rule 68.").

Indeed, due to the bifurcated schedule, Plaintiff cannot obtain formal discovery regarding the requirements of Rule 23 until after any summary judgment motions are resolved, and is thus unable to fully weigh the propriety of class certification and her ability to satisfy the requirements of Rule 23.[5] For this additional reason, the Offer is premature and should be declared ineffective.

## Conclusion

As Judge Ungaro explained in nearly identical circumstances:

> This Court is persuaded by the reasoning of those courts which have held that "Rule 68 cannot be invoked to shift costs where a plaintiff has filed a class action complaint unless the motion for class certification is unduly delayed." *Zeigenfuse,* 239 F.R.D. at 403; *see also Weiss v. Regal Collections,* 385 F.3d 337, 348 (3d Cir.2004); *Janick,* 2007 WL 1994026 at *2-4; *Jenkins v. Gen. Collection Co.,* 246 F.R.D. 600, 602-03 (D.Neb.2007); *Strausser v. ACB Receivables Mgmt.,* No. Civ.A.06-5109, 2007 WL 512789 (E.D. Pa. Feb. 12, 2007); *Greisz,* 176 F.3d at 1015 ("[B]efore the class is certified, which is to say at a time when there are many potential party plaintiffs to the suit, an offer to one is not an offer to the *entire* relief sought by the suit."(citations omitted)). As the district court in *Jenkins* observed, because Defendant's Rule 68 offer of judgment "addresse[s] only [Plaintiff's] individual claims, and the offer [does] not address the class demands, the threat of costs associated with silence in the face of the offer serves no useful purpose at this stage of a potential class action." *Jenkins,* 246 F.R.D. at 602.

*Sampaio*, 2008 WL 509255, at *1.

For these same reasons, and as this Court did in *Dees*, the Court should declare ineffective the Offer made to Plaintiff here.

---

[5] While Defendant has provided some informal discovery regarding its net worth and the size of the proposed class, it has taken the position that no formal discovery on these matters, including deposition testimony, can proceed until after the Court adjudicates any summary judgment motions.

Respectfully submitted this 21st day of October, 2014.

>By: *s/Michael L. Greenwald*
>Michael L. Greenwald (*pro hac vice*)
>GREENWALD DAVIDSON PLLC
>5550 Glades Road, Suite 500
>Boca Raton, FL 33431
>Tel: 561.826.5477
>Fax: 561.961.5684
>mgreenwald@mgjdlaw.com
>
>Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I certify that on October 21, 2014 the foregoing document was filed with the Court using CM/ECF, which will send notification to all parties of record:

>Charles R. Messer
>David J. Kaminski
>Keith A. Yeomans
>Carlson & Messer LLP
>5959 W. Century Blvd., Suite 1214
>Los Angeles, CA  90045
>MesserC@cmtlaw.com
>KaminskiD@cmtlaw.com
>YeomansK@cmtlaw.com
>
>Attorneys for Defendant

>/s/Michael L. Greenwald
>Michael L. Greenwald