Charles R. Messer (*Appearing Pro Hac Vice*)
MesserC@cmtlaw.com
David J. Kaminski (*Appearing Pro Hac Vice*)
KaminskiD@cmtlaw.com
Keith A. Yeomans (*Appearing Pro Hac Vice*)
YeomansK@cmtlaw.com
**CARLSON & MESSER LLP**
5959 West Century Blvd., Suite 1214
Los Angeles, California 90045
t: (310) 242-2200
f: (310) 242-2222

*Attorneys for Defendant*
*RSI Enterprises, Inc.*

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| **Joanna F. Mavris**, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**RSI Enterprises, Inc.**, an Arizona corporation<br><br>Defendant. | Case no. 2:14-cv-01058-NVW<br><br>CLASS ACTION<br><br>**Defendant RSI Enterprises, Inc.'s Opposition to Plaintiff Joanna F. Mavris' Motion to Declare Ineffective Defendant's Offer of Judgment dated September 30, 2014** |

**COMES NOW** Defendant RSI Enterprises, Inc., by and through its counsel of record, and submits its Opposition to Plaintiff Joanna F. Mavris' Motion to Declare Ineffective Defendant's Offer of Judgment dated September 30, 2014.

\\\
\\\
\\\
\\\
\\\

{00023838;1}

1

## I. INTRODUCTION

Plaintiff asks this court to hold Federal Rule of Civil Procedure 68 inapplicable to class actions prior to certification. This is a bold request. The Federal Rules of Civil Procedure, "have the force of law and are as binding upon…courts as a statute." *Hicks v. Bekins Moving & Storage Co.*, 115 F.2d 406, 408 (9th Cir. 1940). Nothing in the Federal Rules of Civil Procedure expressly or implicitly suggests offers of judgment are inapplicable to class representatives prior to class certification. And Plaintiff fails to cite any authority that would permit this Court to suspend the application of any Federal Rule of Civil Procedure.

Plaintiff's motion argues that a pre-certification offer of judgment forces a class representative to weigh her own interest in avoiding personal liability for costs under Rule 68 against the potential recovery of the class. (Motion, p. 4.) Plaintiff complains that this conflict is "especially concerning" because class certification is a time-consuming and expensive endeavor with no guarantee of success. (Motion, p. 5.)

Even if Plaintiff is right that a pre-certification offer of judgment creates a conflict between a class representative and the unnamed class member, Plaintiff's motion fails to discuss *any* authority that would permit this Court to suspend one Rule of Civil Procedure because it makes another more burdensome.

Moreover, Plaintiff's perceived conflict is grossly exaggerated. The recoverable costs likely to be incurred in connection with Plaintiff's attempt to certify a class are insignificant. And Plaintiff already faces the risk of paying Defendant's costs to the extent her claims do not prevail. Any increased pressure on Plaintiff caused by Defendant's offer of judgment is marginal and, more significantly, the intended effect of Federal Rule of Civil Procedure.

Plaintiff's motion should be denied.

\\\

{00023838;1}

2

## II. BACKGROUND

On May 16, 2014, Plaintiff Joanna F. Mavris filed a putative class action against Defendant RSI Enterprises, Inc. for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1601-1692p. (Docket no. 1.) Plaintiff alleges Defendant violated 15 U.S.C. §§ 1692g and 1692e by including misleading information in its written correspondence with Plaintiff.

On August 5, 2014, this Court stayed class discovery pending a determination of Plaintiff's individual claims by motion for summary judgment. (Docket no. 27.)

On September 30, 2014, Defendant served an offer of judgment on Plaintiff on an individual basis pursuant to Federal Rule of Civil Procedure 68. Plaintiff did not accept the offer.

On October 21, 2014, Plaintiff moved to "declare ineffective" Defendant's offer of judgment on the basis that it created an impermissible conflict of interest with the unnamed class members. (Docket no. 36.)

## III. ARGUMENT

### 1. There is no authority permitting the relief requested in Plaintiff's motion.

Plaintiff's motion is not the first to argue that a pre-certification offer of judgment creates a conflict between a class representative and the unnamed class members. But nothing in the Federal Rules of Civil Procedure expressly or implicitly suggests offers of judgment are inapplicable to class representatives prior to class certification. And Plaintiff fails to cite any authority that would permit this Court to suspend the application of any Federal Rule of Civil Procedure.

Plaintiff complains that Defendant's offer of judgment forces her to weigh her own interests in avoiding personal liability for costs under Rule 68 against the potential recovery of the class. (Motion, p. 4.)

> Despite these concerns, there is little authority for invalidating Rule 68 in class actions. Rule 68 is designed to insulate defendants willing to consent to judgment against incurring the costs of further litigation, and there appears no indication that protection should be denied defendants in class actions, much as Rule 68's provisions fit poorly in the class action context. Since the Supreme Court held Rule 68 inapplicable in cases in which the defendant prevails, the risk that defendants will make minimal offers in class actions in order to gain the advantages of Rule 68 does not exist, and the rule provides at least some incentive for defendants in those cases to make reasonable and substantial offers. Settlement is not generically undesirable in class actions, even though subject to court control, so Rule 68's inducement to defendants to make substantial offers should apply in such cases. There is even some indication that the Supreme Court would disapprove any effort to treat class actions differently for Rule 68 purposes…. Accordingly, much as some policy issues might counsel creation of an exception to Rule 68 for class actions, the reality is that there presently is no such exception, and Rule 68 offers have been employed in class actions….

12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 3001.1 (2d ed. 2014) (citations omitted).

Several court have similarly concluded that regardless of any perceived conflict between Rules 23 and 68, there is simply no authority permitting the suspension of the Rule 68 in class actions.

In *Jacobson v. Persolve, LLC*, the Court, "recognize[d] that a conflict of interest may arise when a defendant makes a Rule 68 offer for individual relief to a named plaintiff in a class action." *Jacobson v. Persolve, LLC*, No. 14-CV-00735-LHK, 2014 WL 4090809, *5 (N.D. Cal. Aug. 19, 2014). But the Court declined to strike defendant's offer of judgment because nothing in the Federal Rules of Civil Procedure authorized the Court to do so.

> [A] Rule 68 offer of judgment made only to the class representative rather than the class as a whole can pit the individual's self-interest in accepting the settlement against the interests of the putative class in obtaining relief…Nevertheless, nothing in the Federal Rules of Civil Procedure or in case law interpreting the Federal Rules of Civil Procedure forbids a defendant from making a Rule 68 offer of judgment to a putative class representative… Despite the pressure a Rule 68 offer of judgment may place on a class representative, this Court agrees…that a policy categorically barring Rule 68 offers of judgment in class actions "would be best set forth in the Federal Rules of Civil Procedure themselves."

{00023838;1}

4

*Jacobson v. Persolve, LLC*, No. 14-CV-00735-LHK, 2014 WL 4090809, at *5 (N.D. Cal. Aug. 19, 2014) (citations omitted).

In *Torres v. Client Services, Inc.*, the court recognized that recent 9th Circuit authority, "suggests that a plaintiff can accept an offer of judgment made prior to certification, and thus implies that a defendant is permitted to make such an offer." *Torres v. Client Services, Inc.*, No. 5:11-cv-01604-VAP-OP, Dkt #27, p. 7 (E.D. Cal. April 3, 2012) (discussing *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1085 (9th Cir. 2011).

> Undoubtedly the Offer discourages [plaintiff] from seeking certification; it pressures him to settle his individual claim rather than risk incurring [defendant'] costs should class certification fail. But the same risk necessarily arises any time a defendant makes a Rule 68 offer of judgment in a putative class action….By asking the Court to denounce what he calls an "underhanded litigation tactic"…[plaintiff] is seeking a rule that either bars Rule 68 offers of judgment before class certification (or requires any offer be made to the entire putative class) – an outcome contemplated nowhere in the Federal Rules of Civil Procedure (which set forth explicitly those types of cases in which various rules are inapplicable, <u>see</u> Fed. R. Civ. P. 81).

*Torres v. Client Services, Inc.*, No. 5:11-cv-01604-VAP-OP, Dkt #27, p. 7 (E.D. Cal. April 3, 2012).

The "traditional tools of statutory construction" are used to interpret the federal rules. *Republic of Ecuador v. Mackay*, 742 F.3d 860, 864 (9th Cir. 2014). It is a basic tenant of statutory construction that the language of the statute controls, in the absence of a clearly expressed legislative intention to the contrary. *United States v. James,* 478 U.S. 597, 606 (1986). Courts must enforce statutes as they are written. *See United States v. Great Northern Railway* Co., 343 U.S. 562, 575 (1952). Plaintiff has presented nothing in the legislative history that shows that FRCP 68 was not to be applied to class representatives. This lack of express limitation on FRCP 68 offers within the Federal Rules is instructive.

> Perhaps class actions serve so fundamental a purpose that the prior analogy is poor, and as a matter of policy, putative class representatives should always be shielded from the pressure of Rule

{00023838;1}

68 offers of judgment. ***Such a policy, however, would be best set forth in the Federal Rules of Civil Procedure themselves***.

*Torres v. Client Services, Inc.*, No. 5:11-cv-01604-VAP-OP, Dkt #27, p. 8 (E.D. Cal. April 3, 2012) (emphasis added).

And while some courts have taken it upon themselves to amend Federal Rule of Civil Procedure 68 in the context of class actions, it is telling that the Advisory Committee on Rules of Practice and Procedure of the Judicial Conference of the United States ***rejected*** a proposed revision to Rule 68 that expressly precluded offers of judgment in class or derivative actions. *See*, *McDowall v. Cogan*, 216 F.R.D. 46, 48 n.2 (E.D.N.Y. 2003). This Court should not act to create a judicial exception to Rule 68 where the Advisory Committee deliberately refused to do so.

In fact, the legislative policy the Federal Rules of Civil Procedure strongly suggests that pre-certification settlements should be encouraged.

Prior to amendment in 2003, Rule 23(e) stated: "A class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs." *Doe v. Lexington-Fayette Urban County Gov't*, 407 F.3d 755, 761 (6th Cir. Ky. 2005). Rule 23(e) was amended in 2003. It now states: "The claims, issues, or defenses of a ***certified class*** may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e)(emphasis added).

There is no requirement of judicial approval for pre-certification disposition where the class claims are dismissed without prejudice. The reason is that absent class members generally have no notice of uncertified class actions and therefore cannot be bound or deemed to have relied thereon. *See* Adv. Comm. Notes to 2003 Amendments to FRCP 23. Rule 23(e) specifies that a certified class action cannot be settled without the court's approval, and that notice of the proposed compromise must be given to all class members in such

{00023838;1}

manner as the court directs. *See also Amchem Prods. v. Windsor,* 521 U.S. 591 (U.S. 1997).

The lack of limitation on the ability to dismiss an uncertified class is intentional and reflects a legislative policy that encourages pre-certification settlements. This policy is necessarily advanced by the application of Rule 68 to pre-certification class actions.

Defendant respectfully requests that this Court exercise judicial restraint and not limit the application of Rule 68.

### 2. Plaintiff's alleged conflict is hypothetical and trivial.

The potential conflict at the heart of Plaintiff's motion is grossly exaggerated given the paucity of recoverable costs that are specific to class certification, the possibility that no class-specific recoverable costs will be incurred at-all, and the pre-existing risk of costs that a class representative faces even in the absence of any offer of judgment.

Preliminarily, it should be remembered that Plaintiff faces the risk of costs even in the absence of any offer of judgment. Under Federal Rule of Civil Procedure 54(d)(1), a prevailing party is ordinarily entitled to recover his or her costs. A court has discretion to deny costs, but Rule 54(d)(1) creates a presumption in favor of an award of costs to a prevailing party. *Marx v. Gen. Revenue Corp.*, 133 S. Ct. 1166, 1172, 185 L. Ed. 2d 242 (2013). A Rule 68 offer of judgment marginally increases the pre-existing risk that plaintiffs already face.

Plaintiff, and the authorities she relies upon, emphasize that class certification is a time-consuming, risky, and expensive endeavor for any class representative. (Motion, p. 5.) But neither Plaintiff nor any of the cases addressing this issue have examined what class-specific costs are recoverable under Rule 68 and likely to be incurred.

Costs recoverable under Rule 68 include those set forth in 28 U.S.C. § 1920. *Sea Coast Foods, Inc. v. Lu-Mar Lobster & Shrimp, Inc.*, 260 F.3d 1054, 1061 (9th Cir. 2001), as amended (Sept. 25, 2001). This essentially includes filing fees, service fees, transcript preparation costs, witness fees, copying charges, and the fees associated with any court-appointed expert or translators.

Here, there are no filing fees specific to a motion for class certification. It is possible that the parties will require live testimony, but more likely, the parties will submit affidavits and declarations in support of, and in opposition to, class certification. And even if live testimony is necessary, witness fees are relatively modest. The parties and anticipated witnesses all speak English. And, to date, there has been no discussion of the need for any court-appointed experts. And while some statutes provide for attorney fees as recoverable costs potentially subject to Rule 68, the FDCPA is not among them. *Younger v. Michael & Associates, P.C.*, No. 13-CV-1679 YGR, 2014 WL 1760827, *1 n.1 (N.D. Cal. Apr. 30, 2014) citing *Marek v. Chesny*, 473 U.S. 1, 8-9 (1985).

The only recoverable costs that are likely to be incurred during Plaintiff's attempt to certify a class include the costs for preparing a few additional deposition transcripts.

In theory, Plaintiff is correct that a rule 68 offer of judgment forces a class representative to weigh her own interest in avoiding personal liability for costs under Rule 68 against the potential recovery of the class. But in practice, that conflict is trivial given the lack of recoverable costs associated with Plaintiff's decision to seek class certification. And in the absence of a significant conflict, there is no basis or authority to suspend the application of Federal Rule of Civil Procedure 68.

**3. Plaintiff's motion is premature.**

Given the speculative nature of the actual costs at issue, Plaintiff's motion to declare Defendant's offer of judgment ineffective should be deferred until an

actual claim for costs exists. *Bryant v. Bonded Accounts Servs.*, No. CIV.00-1072, 2000 WL 33955881, *4-5 (D. Minn. Aug. 2, 2000).

> The conflict counsel for Plaintiff seeks to resolve is a hypothetical one. Plaintiff himself has determined that he will not accept the settlement offer, but Defendant has not moved to recover costs from Plaintiff. Defendant has merely made a settlement offer. It is, of course, possible that a controversy over enforcement of the offer of judgment may arise at some point in the future. At this time, any opinion we would issue on the subject would be merely advisory. See *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir.2000) ("Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies," so courts must refrain from issuing advisory opinions that rest on hypothetical underpinnings.) This result is consistent with the result reached in Chief Magistrate Judge Noel's recent Order on a similar motion in *Davis v. Gulf State Credit, L.L.C.*, Civ. No. 00–798 (JRT/FLN) (D.Minn. May 25, 2000). That Order is currently being appealed.
>
> The issue of whether a failure to accept an offer warrants imposition of costs under Rule 68 is more properly addressed, if it arises, when such a request for costs is made. At that time the court will have more information on the case and be better equipped to determine whether or not it is appropriate to assess costs.

*Bryant v. Bonded Accounts Servs.*, No. CIV.00-1072 RHK/JMM, 2000 WL 33955881, at *4-5 (D. Minn. Aug. 2, 2000).

As in *Bryant*, Plaintiff has already rejected Defendant's offer of judgment and Defendant has not moved to recover costs. Plaintiff's alleged conflict is hypothetical and the Court should defer ruling on this issue if and when a claim for costs is made.

**IV.   CONCLUSION**

Defendant respectfully requests that this Court exercise judicial restraint and not limit the application of Rule 68 under the circumstances of this case.

\\\
\\\
\\\
\\\
\\\

| | | |
|---|---|---|
| Dated November 4, 2014, | | **CARLSON & MESSER LLP** |

      /s/ Keith A. Yeomans

Charles R. Messer
David J. Kaminski
Keith A. Yeomans

*Attorneys for Defendant*
*RSI Enterprises, Inc.*

{00023838;1}

# **CERTIFICATE OF SERVICE AND CONSENT TO E-SIGN**

I hereby certify that on **November 4, 2014** , I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael L. Greenwald
Greenwald Davidson PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
mgreenwald@mgjdlaw.com
t: (561) 826-5477
f: (561) 961-5684

By:     /s/ Keith A. Yeomans

Keith A. Yeomans

*Attorneys for Defendant*
*RSI Enterprises, Inc.*

{00023838;1}

11