Michael L. Greenwald (*pro hac vice*)
Greenwald Davidson PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
Tel: 561-826-5477
Fax: 561-961-5684
mgreenwald@mgjdlaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JOANNA F. MAVRIS, On Behalf of Herself and Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>RSI ENTERPRISES, INC., an Arizona Corporation,<br><br>Defendant.<br>_____ | ) Case No. CV-14-01058-PHX-NVW<br>)<br>)<br>)<br>)<br>) **Reply in Support of Motion to Declare**<br>) **Ineffective Defendant's Offer of**<br>) **Judgment Dated September 30, 2014**<br>)<br>)<br>)<br>)<br>)<br>) |

## Introduction

RSI Enterprises, Inc. ('Defendant") opposes Joanna F. Mavris's ("Plaintiff") motion to declare ineffective Defendant's offer of judgment by boldly, and erroneously, proclaiming that "[t]here is no authority permitting the relief requested in Plaintiff's motion." Doc. 39 at 3. Hyperbole aside, Defendant's unfounded position is at odds with the numerous decisions from courts across the country—including this Court's decision in *Dees v. Collections U.S.A., Inc.*, No. CV-13-02525-PHX-NVW, Doc. 20 (D. Ariz. Feb. 28, 2014) (Wake, J.)—granting the very relief requested by Plaintiff here.

To be sure, Plaintiff neither asks this Court to read Rule 68 out of existence in the class action context, nor does she ask this Court to rewrite the Federal Rules of Civil Procedure. Rather, she maintains that Defendant should not be permitted to place a named plaintiff into a conflict with the proposed class she seeks to represent by presenting her with an offer of judgment that provides her with twice her maximum individual recovery and nothing for the class. Put another way, Plaintiff submits that if Defendant wishes to make a pre-certification offer of judgment under Rule 68, it must make the offer to the putative class, and not just to Plaintiff in her individual capacity.

**Reply Argument**

**A. Plaintiff cites more than a dozen decisions granting the same relief requested here.**

Far from "fail[ing] to discuss *any* authority that would permit this Court to suspend one Rule of Civil Procedure because it makes another more burdensome," Doc. 39 at 2 (emphasis in original), Plaintiff's motion, Doc. 36, is replete with district court decisions striking, or otherwise declaring ineffective, pre-certification offers of judgment made to proposed class representatives on an individual basis:

- *Prater v. Medicredit, Inc.,* No. 14–cv159, --- F.R.D. ----, 2014 WL 3973863, at *3 (E.D. Mo. Aug. 14, 2014) ("The cases discussed here recognize the rule that precertification offers should be stricken or invalidated where such offers create an early conflict of interest between the putative class representative and potential class members. This is so because such offers create an incentive for the representative to act against the interest of the class.");

- *Jones v. I.Q. Data Int'l, Inc., et al.*, 1:14-cv-00130-PJK-RHS, Doc. 34 at 3 (D.N.M. June 23, 2014) (declaring pre-certification offer of judgment ineffective until the court ruled on the plaintiff's to-be-filed motion for class certification: "Thus, assuming the named plaintiff files a timely motion for class certification after a Rule 68 offer of judgment, the certification motion will relate back to the

2

date of the initial complaint. Accordingly, within fourteen days of a decision on a reasonably prompt motion for class certification, the Plaintiff may accept or reject Defendant I.Q. Data's offer.");

- *March v. Medicredit, Inc.,* No. 4:13CV1210 TIA, 2013 WL 6265070, at *4 (E.D. Mo. Dec. 4, 2013) ("Where a defendant presents a Rule 68 offer of judgment to the named plaintiff only, the plaintiff faces a conflict between accepting the amount offered to satisfy his individual claim or continuing to represent the putative class to obtain relief for the entire class. Therefore, to prevent an improper conflict of interest between a putative class representative and the putative class, a precertification offer of judgment must be deemed ineffective. As a result, the Court will strike Defendant's offer of judgment.");

- *Lamberson v. Fin. Crimes Servs., LLC*, No. CIV. No. 11-98 RHK/JJG, 2011 WL 1990450, at *3-4 (D. Minn. Apr. 13, 2011) ("This Court concludes that, to prevent an improper conflict of interest between a putative class representative and the putative class, a precertification offer of judgment must be deemed ineffective.").

- *Johnson v. U.S. Bank Nat'l Ass'n*, 276 F.R.D. 330, 335 (D. Minn. 2011) ("Like other courts have concluded, this Court concludes that Defendant's Rule 68 offer of judgment must therefore be stricken to prevent it from undermining the use of the class action device.") (internal citation omitted);

- *Hornicek v. Hornicek v. Cardworks Servicing, LLC*, No. 10-CV-3631, 2011 WL 1419607, at *1 (E.D. Pa. Mar. 18, 2011) ("The offer of judgment must be stricken now, rather than later, in order to avoid placing Mr. Hornicek's own personal interests at odds with the members of the class.");

- *Boles v. Moss Codilis, LLP*, No. SA-10-CV-1003-XR, 2011 WL 4345289, at *2-3 (W.D. Tex. Sept. 15, 2011) ("This Court agrees with those courts that have stricken the offers of judgment.");

- *Smith v. NCO Fin. Sys., Inc.*, 257 F.R.D. 429, 434 (E.D. Pa. 2009) ("The Court, however, declines to follow this rationale, as it is persuaded that an offer of judgment must be stricken at this stage of litigation to prevent it from undermining the use of the class action device.") (internal citation omitted);

- *Stewart v. Cheek & Zeehandelar, LLP*, 252 F.R.D. 384, 386-87 (S.D. Ohio. 2008) ("Finally, Rule 68 offers of judgment prior to class certification pit the self interests of named plaintiffs against the interests of the class as a whole. . . . Accordingly, Plaintiff's motion to strike is granted.");

- *Sampaio v. People First Recoveries, LLC*, 07-22436-CIV, 2008 WL 509255, at *1 (S.D. Fla. 2008) (Because Defendant's Rule 68 offer of judgment addresses only Plaintiff's individual claims, and does not address the class demands, "the threat of costs associated with silence in the face of the offer serves no useful purpose at this stage of a potential class action.");

- *Jenkins v. Gen. Collection Co.*, 246 F.R.D. 600, 602-03 (D. Neb. 2007) ("As long as relief on behalf of the class has not been addressed, Judge Gossett's determination that the offer of judgment must now be stricken to prevent it from undermining the use of the class action device, is appropriate.") (internal citation omitted);

- *Strausser v. ACB Receivables Mgmt., Inc.*, No. CIV.A.06 5109, 2007 WL 512789, at *2 (E.D. Pa. Feb. 12, 2007) ("I agree with this reasoning and will grant plaintiffs' motion to strike.");

- *Zeigenfuse v. Apex Asset Mgmt., L.L.C.*, 239 F.R.D. 400, 403 (E.D. Pa. 2006) ("We agree with *Janikowski* that the offer of judgment must now be stricken to prevent it from undermining the use of the class action device.");

- *Janikowski v. Lynch Ford, Inc.*, No. 98 C 8111, 1999 WL 608714, *2 (N.D. Ill. Aug. 5, 1999) ("[A] potential conflict of interest arises if a class representative is forced to consider a settlement offer made to her personally. . . . Accordingly, Janikowski's motion to strike Lynch Ford's April 29, 1999 offer of judgment is granted."), *aff'd*, 210 F.3d 765 (7th Cir. 2000).

Thus, not only is Defendant's position patently untrue, but the weight of authority supports granting the relief requested by Plaintiff and deeming the offer of judgment ineffective at this time.

**B. Plaintiff's position is not at odds with the intent of Rule 68; to the contrary, Defendant's conduct is an attempt to improperly employ Rule 68 to undermine Rule 23.**

Defendant incorrectly frames Plaintiff's motion as "permitting the suspension of [sic] Rule 68 in class actions." Doc. 39 at 4. To be clear, Plaintiff does not ask this Court to either rewrite Rule 68, or to construe it as inapplicable to class actions. Rather, she

4

simply argues that Defendant should not be permitted to "pick off" a named plaintiff by presenting her with a Rule 68 offer that provides her with a windfall while providing no relief for the putative class. *See Zeigenfuse*, 239 F.R.D. at 403 (characterizing this practice as an "attempt[] to 'pick off' the named representative"). Should Defendant wish to properly avail itself of Rule 68, it is free to do so by making an offer of judgment to Plaintiff *and* the class of individuals she seeks to represent, as the court in *McDowall v. Cogan* recommended:

> It follows that if a defendant wishes to make an offer of judgment prior to class certification in the interests of effecting a reasonable settlement and avoiding the costs and inefficiencies of litigation, it must do so to the putative class and not to the named plaintiff alone. If it makes its offer only to the class representative, it cannot then seek to impose costs on him after judgment is rendered pursuant to Rule 68, as it will not have directed its offer to the proper offeree.
>
> This resolution allows the court to avoid the potential friction between Rule 68 and Rule 23. A defendant who wishes to conclude a putative class action expeditiously may make a settlement offer to the entire putative class. If he does so, the named plaintiff will not find his fiduciary obligations to the putative class members pitted against his own self-interest. Nor will a court likely disapprove of a settlement on the basis that it is not fair to the absent class members. This result minimizes the possibility that a named plaintiff will unfairly shoulder the costs of litigation due to the court's refusal to endorse a settlement offer.

216 F.R.D. 46, 51 (E.D.N.Y. 2003).

This Court took the same approach in *Dees*:

> Because the offer of judgment runs to the putative class representative only, it will be declared ineffective as a predicate for sanctions. If the Court certifies the class, the Defendant may make an offer of judgment. Any such offer must run to the class rather than to the class representative individually.

No. CV-13-02525-PHX-NVW, Doc. 20, at 1 ("IT IS FURTHER ORDERED that Defendant's January 14, 2014 offer of judgment is ineffective."); s*ee also Sampaio*, 2008 WL 509255, at *1 ("… [i]f class certification is ultimately denied, [D]efendant ... will then be free to make an offer of judgment containing the cost shifting provision of Rule 68.").

### C. Defendant's offer of judgment creates a real—and immediate—conflict of interest for Plaintiff.

Far from being "hypothetical" or "trivial," Doc. 39 at 7, Defendant's offer of judgment creates an immediate conflict for Plaintiff. To that end, Defendant misstates the nature of the conflict. The salient question is not the dollar value of the costs related to class certification that Plaintiff must bear, but the pressure a pre-certification offer of judgment places on Plaintiff to accept an individual offer—at the expense of the class—so that she does not risk having to pay Defendant's costs in the event a class is not certified.

It is axiomatic that Rule 68 is designed to force a plaintiff to weigh the merits of her claim. But a pre-certification offer of judgment forces Plaintiff to also weigh the likelihood that a class will be certified because, absent certification, she would be unable to recover more than the offer. As the court explained in *Boles*,

> This result, however, is not the one intended by Rule 68. The purpose of Rule 68 is to prompt the parties to consider the risks and costs of litigation, and balance those risks against the likelihood of success at a trial on the merits. However a Rule 68 offer made while a class certification motion is pending, forces the named Plaintiff to consider the strength of the class certification motion, not the likelihood of success on the merits. "Moreover, a rule allowing plaintiffs to be 'picked off' at an early stage in a putative class action

6

>may waste judicial resources by 'stimulating successive suits brought by others claiming aggrievement.' This result is contrary to the purpose of Fed.R.Civ.P. 68 as well." *Weiss,* 385 F.3d at 345 (internal citations omitted). *See also* 13 Moore's Federal Practice § 68.02[2], at 68–7 (3d ed. 2004) ("The primary purpose of Rule 68 is to promote settlements and avoid protracted litigation."). Thus, giving a Rule 68 offer effect in a case such as this would contravene the purpose of Rules 68 and 23, not to mention the collective action provision of the FDCPA.

*Boles*, 2011 WL 4345289, at *3.

Moreover, and in comparison to Plaintiff's potential maximum individual recovery of $1,000.00 under the FDCPA, 15 U.S.C. § 1692k(a)(2)(A), Defendant's costs would hardly be trivial. Indeed, just "the costs for preparing a few additional deposition transcripts," Doc. 39 at 8, are likely to dwarf $1,000.00. The incentive to abandon the class for one's pecuniary benefit, therefore, should not be understated. Because Defendant's offer is not a test of the merits of Plaintiff's claim, but a test of the propriety of class certification—an element not found in, nor contemplated by, Rule 68—the offer is improper and should be deemed ineffective.

For these reasons, and as set forth more fully in Plaintiff's opening brief, Doc. 36, the Court should declare Defendant's pre-certification offer of judgment without effect until the issue of class certification is resolved.

Respectfully submitted this 7th day of November, 2014.

> By: *s/Michael L. Greenwald*
> Michael L. Greenwald (*pro hac vice*)
> GREENWALD DAVIDSON PLLC
> 5550 Glades Road, Suite 500
> Boca Raton, FL 33431
> Tel: 561.826.5477
> Fax: 561.961.5684
> mgreenwald@mgjdlaw.com
>
> Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

I certify that on November 7, 2014 the foregoing document was filed with the Court using CM/ECF, which will send notification to all parties of record:

> Charles R. Messer
> David J. Kaminski
> Keith A. Yeomans
> Carlson & Messer LLP
> 5959 W. Century Blvd., Suite 1214
> Los Angeles, CA  90045
> MesserC@cmtlaw.com
> KaminskiD@cmtlaw.com
> YeomansK@cmtlaw.com
>
> Attorneys for Defendant

> /s/Michael L. Greenwald
> Michael L. Greenwald