Charles R. Messer (*Appearing Pro Hac Vice*)
MesserC@cmtlaw.com
David J. Kaminski (*Appearing Pro Hac Vice*)
KaminskiD@cmtlaw.com
Keith A. Yeomans (*Appearing Pro Hac Vice*)
YeomansK@cmtlaw.com
**CARLSON & MESSER LLP**
5959 West Century Blvd., Suite 1214
Los Angeles, California 90045
t: (310) 242-2200
f: (310) 242-2222

*Attorneys for Defendant*
*RSI Enterprises, Inc.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Joanna F. Mavris**, on behalf of herself and others similarly situated, | **Case no. 2:14-cv-01058-NVW** |
| Plaintiff, | CLASS ACTION |
| vs. | **Declaration of Jerry Byrd in Support of Defendant RSI Enterprises, Inc.'s Motion for Summary Judgment, or Alternatively, Summary Adjudication** |
| **RSI Enterprises, Inc.**, an Arizona corporation | |
| Defendant. | |

{00024134;1}

1

### DECLARATION OF JERRY BYRD

I, Jerry Byrd, declare as follows:

1.      I am the System Director for Medicare and Government Payers and Billing for Scottsdale Healthcare.  I have personal knowledge of the facts set forth in this Declaration and if called as a witness, I could and would competently testify to them.

2.      In my capacity as System Director for Scottsdale Healthcare, I am familiar with Scottsdale Healthcare's agreement and working relationship with RSI Enterprises, Inc., as well as Scottsdale Healthcare's policies and practices for determining when an unpaid account is determined to be in default and the handlings of such accounts.

3.      On May 1, 2012, Scottsdale Healthcare circulated a request for proposal to several vendors for early-out self-pay collection services.  In this context, 'early-out' refers to account servicing and collection activities for accounts before the accounts go into default.  Post-default debt is referred to as 'bad debt' and the request for proposal expressly did not include bad debt collections.  A true and correct copy of Scottsdale Healthcare's requests for proposal is attached hereto as Exhibit "A" and is incorporated by reference herein.

4.      After reviewing the responses to Scottsdale Healthcare's request for proposal, RSI Enterprises, Inc. was selected for Scottsdale Healthcare's for early-out self-pay collection services.

5.      Scottsdale Healthcare operates several hospitals and health clinics in Arizona.  Scottsdale Healthcare's patients are assigned billing accounts upon admission for the patients' medical treatment.

6.      Scottsdale Healthcare submits all self-pay accounts with outstanding balances to RSI Enterprises, Inc.  Self-pay accounts consist of (i) patients with no applicable insurance who do not qualify for Medicare, (ii) insured patients after a final determination of insurance is made, and (iii) patients that qualify for Medicare after a final determination of eligibility is made.

{00024134;1}

7.     Scottsdale Healthcare does not send any statements to patients before referring outstanding self-pay accounts to RSI Enterprises, Inc.  And none of the accounts sent by Scottsdale Healthcare to RSI Enterprises, Inc. are in default.

8.     Scottsdale Healthcare does not report the accounts sent to RSI Enterprises, Inc. to any of the credit reporting agencies—e.g., Equifax, TransUnion, or Experian.

9.     In the ordinary course of business, Scottsdale Healthcare employees familiar with Scottsdale Healthcare's collection policies prepared a summary of its pre-default and post-default collections processes dated March 24, 2011.  A true and correct copy of Scottsdale Healthcare's pre-default and post-default collections process dated March 24, 2011 is attached hereto as Exhibit "B" and incorporated by reference herein.

10.     Scottsdale Healthcare accounts are placed with RSI Enterprises, Inc., for approximately 120 days.  Based on collaborative discussions between RSI Enterprises, Inc. and Scottsdale Healthcare, several flowcharts were prepared to illustrate the typical account processing for accounts with no meaningful patient response.  True and correct copies of the flowcharts are attached as Exhibit "C" and are incorporated by reference herein.

11.     The 120-day timeline is intended to be flexible in order to facilitate and encourage voluntary payments on accounts.  Under numerous circumstances, a patient will be given additional time before declaring the account in default:

a.     The establishment of an agreed payment plan;

b.     Insurance claim related issues, e.g., additional, revised, supplemental, disputed, or appealed claims; and,

c.     Applications for financial assistance.

12.     Beyond the exceptions outlined above, the 120-day timeline may also be extended where circumstances suggest future, voluntary payments may be forthcoming, e.g., partial account payments, regular communications from the patient expressing a willingness to resolve the outstanding financial obligation, etc.

{00024134;1}

3

13. For those accounts that do not warrant additional time, Scottsdale Healthcare prepares and sends to RSI Enterprises, Inc. a lists of account to be recalled.

14. After those accounts are recalled, the accounts are declared in default and subsequently forwarded to a third-party debt collector, West Asset Management. After accounts are placed with West Asset Management, negative credit reports are submitted to the credit reporting agencies after the account has been with bad debt collection agency for approximately 120 days.

15. Joanna F. Mavris's accounts (xxxxxxx0403 and xxxxxxx0028) remained with RSI Enterprises, Inc. beyond 120 days because she applied for financial assistance and was in regular contact with RSI Enterprises, Inc. regarding her financial obligations. Account xxxxxxx0403 was considered in default and was returned to Scottsdale Healthcare by RSI on August 16, 2013 and was referred to West Asset Management on August 30, 2013; West Asset Management canceled their collection efforts and returned the account to Scottsdale Healthcare on October 03, 2013, the account was not reported to a credit bureau. Account xxxxxxx0028 was considered in default and was returned to Scottsdale Healthcare by RSI on September 13, 2013 and was referred to West Asset Management on September 27, 2013; West Asset Management canceled their collection efforts and returned the account to Scottsdale Healthcare on January 21, 2014 the account was not reported to a credit bureau.

16. Joanna F. Mavris's accounts (xxxxxxx0403 and xxxxxxx0028) were not in default at any time while they were being serviced by RSI Enterprises, Inc. on behalf of Scottsdale Healthcare.

I declare under penalty of perjury under the laws of the United States of America and the State of Arizona that the foregoing is true and correct.

Executed this ___ day of November, 2014, at Scottsdale, Arizona.

Jerry Byrd

{00024134;1}

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

{00024134;1}

## CERTIFICATE OF SERVICE

I hereby certify that on **November 14, 2014**, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael L. Greenwald
Greenwald Davidson PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
mgreenwald@mgjdlaw.com
t: (561) 826-5477
f: (561) 961-5684

By:     /s/ Keith A. Yeomans

Keith A. Yeomans

*Attorneys for Defendant*
*RSI Enterprises, Inc.*

{00024134;1}