**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joanna F. Mavris,<br><br>                    Plaintiff,<br><br>v.<br><br>RSI Enterprises Incorporated,<br><br>                    Defendant. | No. CV-14-01058-PHX-NVW<br><br>**ORDER** |

Before the Court are Plaintiff's Motion to Declare Ineffective Defendant's Offer of Judgment Dated September 30, 2014 (Doc. 36), the Response and the Reply. Plaintiff filed this putative class action under the Fair Debt Collection Practices Act ("FDCPA"), alleging Defendant's communications to her "overshadow[ed]" and were "inconsistent with" the disclosures it was required to make when attempting to collect a debt. 15 U.S.C. § 1692g(b). On September 30, 2014, six weeks after the Court granted the parties' request to stay discovery on the question of class certification, Defendant submitted to Plaintiff an individual offer of judgment, as provided by Federal Rule of Civil Procedure 68. The offer would have given Plaintiff $2,000.01, more than twice the maximum statutory damages recoverable under the FDCPA. *See* 15 U.S.C. § 1692k(a)(2)(A). Plaintiff, who did not accept the offer, filed the instant Motion on October 21, 2014. For the reasons that follow, Plaintiff's Motion will be granted.

Rule 68 provides, "At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued." Fed. R. Civ. P. 68(a). If the plaintiff accepts the

offer within 14 days, the clerk must enter judgment pursuant to the terms of the offer. *Id.* But should the plaintiff reject the offer, then "the offeree must pay the costs incurred after the offer was made" if "the judgment that the offeree finally obtains is not more favorable than the unaccepted offer." Fed. R. Civ. P. 68(d). "The 'plain purpose of Rule 68 is to encourage settlement and avoid litigation …. The Rule prompts both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits.'" *McDowall v. Cogan*, 216 F.R.D. 46, 47 (E.D.N.Y. 2003) (ellipsis in original) (quoting *Marek v. Chesny,* 473 U.S. 1, 5 (1985)). "The hope is that the existence of Rule 68 will encourage plaintiffs to accept *reasonable* settlement offers rather than forcing defendants through the expensive process of going to trial." *Id.* (emphasis in original) (citation and internal quotation marks omitted).

"[I]n spite of its appealing prosettlement push, Rule 68 'rarely has been invoked' by defendants in federal courts." Jack Starcher, *Addressing What Isn't There: How District Courts Manage the Threat of Rule 68's Cost-Shifting Provision in the Context of Class Actions*, 114 Colum. L. Rev. 129, 137 (2014) (citation omitted). Although the "reasons for the scarcity of the Rule's usage are unclear," the "Rules Advisory Committee itself has opined that Rule 68 has been 'largely ineffective as a means of achieving its goals.'" *See id.* (citation omitted). Nevertheless, class action defendants have not been shy about invoking the Rule in an effort to avoid paying damages to each member of a large class. Defendants' strategy is to "pick off" putative class representatives through a Rule 68 offer prior to class certification, thereby removing those representatives from the case and leaving the putative class without anyone to seek class certification or otherwise prosecute the action. *Id.* at 137-38.

There are two ways in which defendants attempt to use Rule 68 to pick off class representatives. First, a defendant may make an offer that "provides all of the recovery that a plaintiff could have possibly obtained from the defendant." *Id.* at 139. Some courts hold that such an offer "moots the plaintiff's claim because 'at that point the plaintiff retains no personal interest in the outcome of the litigation,'" with the result that

- 2 -

1  the court no longer possesses subject matter jurisdiction over the action.  *Id.* (quoting
2  *Weiss v. Regal Collections*, 385 F.3d 337, 340 (3d Cir. 2004)).  The circuits have split on
3  this question.  The Seventh Circuit held in *Holstein v. City of Chicago*, 29 F.3d 1145 (7th
4  Cir. 1994), that a putative class representative cannot avoid mooting his claim where he
5  "did not even move for class certification prior to the evaporation of his personal stake."
6  29 F.3d at 1147.  *Holstein* involved a restitution offer, not a Rule 68 offer of judgment,
7  but there is no reason this difference should affect the analysis.  *See Greisz v. Household*
8  *Bank, N.A.*, 176 F.3d 1012, 1015 (7th Cir. 1999) (citing *Holstein* in a Rule 68 case).  The
9  *Holstein* rule is a guaranteed way to defeat the class action without paying anything to the
10 class.  Other circuits—including the Third, *Weiss*, 385 F.3d at 348; the Fifth, *see Sandoz*
11 *v. Cingular Wireless LLC*, 553 F.3d 913, 920-21 (5th Cir. 2008); and the Tenth, *Lucero v.*
12 *Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1249 (10th Cir. 2011)—have held
13 that a Rule 68 offer of judgment made before the putative class representative files a
14 motion for class certification does not moot the representative's claim, at least where the
15 plaintiff has not unduly delayed in filing her motion.  *See* Starcher, *supra*, at 141.

16       The Ninth Circuit, in *Diaz v. First American Home Buyers Protection*
17 *Corporation*, 732 F.3d 948 (9th Cir. 2013), sided with the majority of its sister circuits,
18 holding that the mere extension of a Rule 68 offer providing complete relief is
19 insufficient to moot a class representative's claim.  *See* 732 F.3d at 954-55 (holding that
20 "an unaccepted Rule 68 offer that would have fully satisfied a plaintiff's claim," even one
21 made after the district court has already denied class certification, "does not render that
22 claim moot").  Defendants in this circuit must therefore rely on the second strategy:
23 "threatening the plaintiff with Rule 68's cost-shifting provision" before the class has been
24 certified.  Starcher, *supra*, at 138.

25       This latter tactic is troubling because of the possible conflict of interest it creates
26 between a named plaintiff and the putative class members she is charged with
27 representing.  In a class action, if "the final judgment is less than the unaccepted offer,
28 the representative arguably is subject to cost liability, but this risk is not borne by the

1  class. For this reason, the representative has an incentive to avoid litigation or settle, to
2  the possible detriment of the class." *Lamberson v. Fin. Crimes Servs., LLC*, No. 11-98
3  (RHK/JJG), 2011 U.S. Dist. LEXIS 56614, at *3 (D. Minn. Apr. 13, 2011).  The result of
4  this type of "pick off" attempt is to "undercut the viability of the class action procedure,
5  and frustrate the objectives of this procedural mechanism for aggregating small claims,
6  like those brought under the FDCPA."  *Weiss*, 385 F.3d at 344.  Specifically, pre-
7  certification Rule 68 offers prevent plaintiffs from "reducing their costs of litigation,
8  particularly attorney's fees, by allocating such costs among all members of the class who
9  benefit from the recovery" and make it harder to "pool claims which would be
10 uneconomical to litigate individually."  *Id.* at 344-45 (internal quotation marks omitted)
11 (quoting *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 338 n.9 (1980) and *Phillips
12 Petroleum v. Shutts*, 472 U.S. 797, 809 (1985)).  In addition, "a rule allowing plaintiffs to
13 be 'picked off' at an early stage in a putative class action may waste judicial resources by
14 'stimulating successive suits brought by others claiming aggrievement.'"  *Id.* at 345
15 (quoting *Roper*, 445 U.S. at 339).

16 Courts have responded to this tactic in a number of ways.  The most common
17 approach is to grant a plaintiff's motion to strike the Rule 68 offer.  *See* Starcher, *supra*,
18 at 145.  These courts effectively treat pre-certification offers as nonexistent, reasoning
19 that "putative class representatives cannot be forced to accept Rule 68 offers because
20 contrary to their duty to litigate the case in the best interests of the class, the putative
21 representatives would be compelled to weigh [their] own interest in avoiding personal
22 liability for costs under Rule 68 against the potential recovery of the class." *E.g.*, *Stewart
23 v. Cheek & Zeehandelar, LLP*, 252 F.R.D. 384, 386 (S.D. Ohio 2008) (brackets in
24 original) (citation and internal quotation marks omitted).

25 Other courts, observing that "an offer of judgment is not filed with the court until
26 accepted or until offered by a defeated party to prove costs," have denied plaintiffs'
27 motions to strike on the grounds that "the court cannot strike what has not yet been filed
28 with it."  *McDowall*, 216 F.R.D. at 52.  To support their decisions, these courts

sometimes note that the "procedural rule that discusses a court's authority to strike items from the record is Fed. R. Civ. P.12(f), which permits striking matters only from pleadings." *Hrivnak v. NCO Portfolio Mgmt.*, 723 F. Supp. 2d 1020, 1029 (N.D. Ohio 2010). Instead of striking the offers, therefore, courts in this second camp render them ineffective by holding that "if a defendant wishes to make an offer of judgment prior to class certification in the interests of effecting a reasonable settlement and avoiding the costs and inefficiencies of litigation, it must do so to the putative class and not to the named plaintiff alone. If it makes its offer only to the class representative, it cannot then seek to impose costs on him after judgment is rendered pursuant to Rule 68, as it will not have directed its offer to the proper offeree." *McDowall*, 216 F.R.D. at 51.

Finally, a third group of courts points to another provision of Rule 68 providing that "[e]vidence of an unaccepted offer is not admissible except in a proceeding to determine costs." Fed. R. Civ. P. 68(b). On this view, there is nothing to strike unless and until a defendant files an unaccepted offer as part of a "proceeding to determine costs." *E.g.*, *Buechler v. Keyco, Inc.*, NO.: WDQ-09-2948, 2010 U.S. Dist. LEXIS 40197, at *13 (D. Md. Apr. 22, 2010). The result is that the "question whether the rejection of a Rule 68 offer warrants imposition of costs is not ripe until a request for costs is made." *Id.* at *12. Accordingly, these courts simply "refuse[] to take any action regarding the Rule 68" offers of judgment. Starcher, *supra*, at 157.

All these approaches appear to have in common the assumption that if a named plaintiff accepts a pre-certification Rule 68 offer and her claims thereby become moot, she is disqualified from continuing to represent the class. After all, the conflict of interest described above—whereby the tension between Rule 68 and Rule 23 "place[s] plaintiff at odds with the putative class and [forces] plaintiff to weigh her own interest in avoiding personal liability for costs under Rule 68 against the potential recovery of the class," *Zeigenfuse v. Apex Asset Mgmt., L.L.C.*, 239 F.R.D. 400, 402 (E.D. Pa. 2006)—would cease to exist if a named plaintiff could *both* accept the Rule 68 offer for herself *and also* continue to prosecute the case for the class. That is, a putative class representative who

avoided liability for costs by accepting a defendant's offer would not have to fear sabotaging class members' interests if she continued prosecuting the case on behalf of the class. In this way, accepting an offer would not be an abandonment of the class. To the contrary, by protecting herself against liability for costs, a putative representative could ensure she remained available to look after the class' best interests, assuming the other requirements of Rule 23 were met.

There is no persuasive reason a putative class representative should be prohibited from proceeding in this manner. "A case becomes moot 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome' of the litigation." *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1086-87 (9th Cir. 2011) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). "In other words, if events subsequent to the filing of the case resolve the parties' dispute, [the court] must dismiss the case as moot." *Id.* at 1087 (citations omitted). Acceptance of a Rule 68 offer may moot a named plaintiff's substantive claim for relief, but it need not moot her interest in representing the class. A "plaintiff who brings a class action presents two separate issues for judicial resolution. One is the claim on the merits; the other is the claim that he is entitled to represent a class." *Id.* at 1089 (internal quotation marks omitted) (quoting *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 402 (1980)). The "'Federal Rules of Civil Procedure give the proposed class representative the right to have a class certified if the requirements of the Rules are met.' This procedural right to represent a class 'is more analogous to the private attorney general concept than to the type of interest traditionally thought to satisfy the "personal stake" requirement,' but it nevertheless suffices to satisfy Article III concerns because the class certification question 'remains as a concrete, sharply presented issue' even after the named plaintiff's individual claim has expired and because 'vigorous advocacy [of the plaintiff's right to have a class certified] can be assured through means other than the traditional requirement of a "personal stake in the outcome."'" *Id.* (brackets in original) (quoting *Geraghty*, 445 U.S. at 403-04).

1   Without deciding the question, the Ninth Circuit in *Pitts* "assumed" that an
2   unaccepted offer for complete relief will moot a claim" of an individual plaintiff. *Diaz*,
3   732 F.3d at 952 (emphasis in original). But even assuming that it rendered the individual
4   plaintiff's claim moot, the court nevertheless ruled that "an unaccepted Rule 68 offer of
5   judgment—for the full amount of the named plaintiff's individual claim and made before
6   the named plaintiff files a motion for class certification—does not moot a class action."
7   *Pitts*, 653 F.3d at 1091-92. The court went on to hold that if "the named plaintiff can still
8   file a timely motion for class certification, the named plaintiff may continue to represent
9   the class until the district court decides the class certification issue. Then, if the district
10  court certifies the class, certification relates back to the filing of the complaint. Once the
11  class has been certified, the case may continue despite full satisfaction of the named
12  plaintiff's individual claim because an offer of judgment to the named plaintiff fails to
13  satisfy the demands of the class." *Id.* at 1092 (citing *Sosna v. Iowa*, 419 U.S. 393, 402-03
14  (1975)).

15  The court in *Pitts* did not address a named plaintiff's ability to represent the
16  putative class if she accepts, rather than rejects, a Rule 68 offer, and no Ninth Circuit
17  opinion has resolved the question. But the underlying logic of *Pitts* and *Geraghty*
18  suggests that accepting a Rule 68 offer should not bar a named plaintiff's continued
19  representation of the class. If, as *Pitts* provides, "mooting the putative class
20  representative's claims will not necessarily moot the class action," *id.* at 1090—and if a
21  named plaintiff may continue to represent the class even when her individual claim has
22  been mooted—then there is no logical reason the putative representative may not
23  continue to represent the class after accepting a Rule 68 offer of judgment. *Geraghty*
24  makes clear that "notwithstanding the fact that the named plaintiff's claim on the merits
25  has expired," the "question whether class certification is appropriate remains as a
26  concrete, sharply presented issue." *See* 445 U.S. at 403-04. Thus assuming the named
27  plaintiff "continues vigorously to advocate h[er] right to have a class certified," *id.* at
28  404—and assuming the Rule 23 requirements are otherwise met, *see id.* at 405-07—the

named plaintiff retains an interest in the class action and cannot be precluded from continuing to represent the class on the ground that her claims are moot.

"Picking off" class representatives with paltry sums, thereby leaving other putative class members in the lurch, is an abuse of the Federal Rules that is designed to do nothing more than frustrate class actions. Defendants would think twice about making such "pick off" offers if they knew that doing so would not protect them from prosecution for the benefit of other class members. In the instant case, of course, Plaintiff rejected Defendant's Rule 68 offer of judgment, with the result that she is no longer in a position to accept the offer and continue her representation of the class. Plaintiff may elect that option when faced with a future Rule 68 offer, but for now all she can do is what she has done with her Motion: move to declare the offer ineffective.

Defendant's offer attempted to create "an improper conflict of interest between a putative class representative and the putative class," and for that reason it "must be deemed ineffective." *Lamberson*, 2011 U.S. Dist. LEXIS 56614, at *9-10 (citations omitted).

IT IS THEREFORE ORDERED that Plaintiff's Motion to Declare Ineffective Defendant's Offer of Judgment Dated September 30, 2014 (Doc. 36) is granted. Defendant's offer of judgment is declared ineffective to shift costs to Plaintiff under Rule 68(d), Federal Rules of Civil Procedure.

Dated this 26th day of November, 2014.

Neil V. Wake
United States District Judge